```
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
- - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA           :    PROTECTIVE ORDER

        - v -                      :

PAUL MANCUSO
and PASQUALE STISO,                :    14-cr-484 WJM

               Defendants.         :
- - - - - - - - - - - - - - - - - - - - x
```

This matter having been opened to the Court on the joint application of Paul J. Fishman, United States Attorney for the District of New Jersey (Francisco J. Navarro, Assistant United States Attorney, appearing), Paul Mancuso (by Stacy A. Biancamano, Esq., appearing), and Pasquale Stiso (by Henry E. Klingeman, Esq., appearing), for a protective order, and good cause having been shown, the Court makes the following findings:

    1.    The United States has represented that as part of the investigation leading to the instant prosecution, the United States has obtained documents that contain personally identifiable information of the defendants and third parties, such as individuals' names, dates of birth, social security numbers, addresses, bank account numbers, and routing numbers (hereinafter collectively the "Personally Identifiable Information").

    2.    The United States has represented that because of the

voluminous amount of documents containing Personally Identifiable Information, it is impracticable for the United States to redact the documents before disclosure to the Defendants.

3.  The United States and each Defendant, through counsel, has agreed to the entry of this Protective Order.

IT IS, therefore, on this ___1___ day of _Dec_, 2014,

ORDERED that:

1.  The United States will provide copies of the documents on discs, without redactions, to counsel for each Defendant. Each disc will be labeled: "Restricted Access." Any item or document derived from the discs will be treated in accordance with this Order without need for further labeling.

2.  The Restricted Access documents derived thereform shall be used solely for litigation in this case and shall not be used for any other purpose, except that the United States may use and disclose the information for legitimate law enforcement purposes.

3.  Use of the Restricted Access documents and all information derived therefrom shall be restricted solely to the following individuals:

    a. Counsel for each Defendant and the administrative staff of Counsel's firm, including independent consultants, expert witnesses, investigators, and other parties under

the control of such independent consultants, expert witnesses, and invesgators, provided: (i) these individuals are needed to further the interests of the defense in this matter; and (ii) these individuals sign the "Agreement to be Bound by Discovery Confidentiality Order as set forth in Appendix S of the Local Rules for the United States District Court for the District of New Jersey."

b. Each Defendant shall have access the Restricted Access documents only at the office of his or her counsel. The Defendants shall not be permitted to retain possession of Restricted Access materials, or copies thereof, under any circumstances, unless otherwise ordered by the Court.

c. The Restricted Access documents and all information derived therefrom shall not be copied, shown to, or disseminated to any person, except to those individuals identified in Paragraph 3a above.

d. Each counsel shall inform his or her clients of the potential penalties for violations of this Protective Order contained in Rule 16(d)(2) of the Federal Rules of Criminal Procedure, and that any violation of this Protective Order may be punished as contempt.

e. After receipt of Restricted Access materials, counsel may challenge the designation based on good cause shown that a defendant's right to prepare a defense or to effective

representation by counsel is effectively impeded by the Restricted Access designation.

f. The Restricted Access documents and all information derived therefrom shall not be attached to any public filing via the Court's Case Management/Electronic Case Files/PACER ("CM/ECF/PACER"). Any filings associated with, referring to, or including as an exhibit Restricted Acccess documents shall be filed under seal.

g. During the trial, the United States and Counsel may introduce and use Restricted Access documents in accordance with Federal Rule of Criminal Procedure 49.1 and the Federal Rules of Evidence.

h. Immediately after the conclusion of this matter (after acquittal, sentencing, or the exhaustion of all direct appeals), counsel for each Defendant shall return the Restricted Access documents to the United States Attorney's Office for the District of New Jersey or certify in writing, that the Restricted Access documents have been destroyed.

_____
The Honorable William J. Martini
United States District Judge

Consented to and agreed to by:

PAUL J. FISHMAN
UNITED STATES ATTORNEY

By: Francisco J. Navarro
Assistant United States Attorney


Stacy A. Biancamano, Esq.
Counsel for Paul Mancuso

Henry ~~E. Klingeman, Esq.~~ Ernesto Cerimelo
Counsel for Pasquale Stiso

Consented to and agreed to by:

PAUL J. FISHMAN
UNITED STATES ATTORNEY


_____
By:   Francisco J. Navarro
Assistant United States Attorney

*/s/ Stacy Any Biancamano/*
_____
Stacy A. Biancamano, Esq.
Counsel for Paul Mancuso



_____
Henry E. Klingeman, Esq.
Counsel for Pasquale Stiso