UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PASQUALE STISO | Crim. No. 14-484<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.**

    This matter comes before the Court upon the application of defendant Pasquale Stiso, pro se, for an extension of the statutory deadline by which defendant must file a petition challenging his federal conviction and sentence, pursuant to 28 U.S.C. § 2255, ECF No. 206.

    On November 24, 2015, following a five-day trial, a federal jury convicted Stiso of one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349, six counts of substantive wire fraud in violation of 18 U.S.C. § 1343, and three counts of money-laundering in violation of 18 U.S.C. § 1957. Stiso appealed his convictions and subsequent sentence to the Third Circuit, which affirmed Stiso's convictions but remanded the matter to this Court for re-sentencing. Following his resentencing, and this Court's issuance of an amended judgment of conviction on December 12, 2017, Stiso again appealed. After hearing defendant's appeal, the Third Circuit affirmed Stiso's amended judgment of conviction in an order dated May 16, 2019. Stiso did not file a petition for a writ of certiorari. Stiso was released from the custody of the Bureau of Prisons approximately three months later, on or about August 16, 2019, after completing his 41-month prison term, and is currently serving a three-year period of supervised release.

    On May 28, 2020, Stiso sent an email to the Court in which he notified the Court that he "intend[s] to file a Wit [sic] of Habeas Corpus," pursuant to 28 U.S.C. § 2255, "challenging [his] criminal conviction." Stiso also requested that the Court grant him a "brief extension" of the deadline for filing the petition. ECF No. 206. In the email, defendant did not mention the grounds on which he intends to challenge his criminal conviction or sentence, nor did he articulate any of the claims he would raise in a future §

2255 petition.  Stiso also did not specify the length of the extension he sought, and failed to set forth any specific facts supporting his request to extend or toll the statutory filing deadline. Stiso has not filed a § 2255 petition.

As amended by the Antiterrorism Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2255 imposes a one-year statute of limitation on applications for a writ of habeas corpus. 28 U.S.C. § 2255(f).  The one-year limitation period runs from the latest of: (1) the date on which [defendant's] judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movement was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.  28 U.S.C. § 2255(f)(1)-(4).

As the Third Circuit explained in *Kapral v. United States*, when a defendant opts to a pursue a direct appeal, as was the case here, the defendant's judgment of conviction becomes "final" within the meaning of § 2255(f)(1) "on the later of (1) the date on which the Supreme Court affirms the conviction and sentence on the merits or denies the defendant's timely filed petition for certiorari, or (2) the date on which the defendant's time for filing a timely petition for certiorari review expires." 166 F.3d 565, 577 (3d Cir. 1999); see also Clay v. U.S., 537 U.S. 522, 532 (2003) ("for federal criminal defendants who do not file a petition for certiorari with [the Supreme Court] on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires.").

As noted above, the Third Circuit's Order affirming defendant's amended judgment of conviction and sentence was entered on May 16, 2019.  Because Stiso did not file a petition for a writ of certiorari, the amended judgment of conviction became final, within the meaning of § 2255(f)(1), when Stiso's time for filing a petition for a writ of certiorari expired.  As the Third Circuit observed in Kapral, a defendant has 90 days from the date on which the court of appeals affirms the judgment of conviction to file a petition for a writ of certiorari.  166 F.3d at 570-71 (citing Supreme Court Rule 13). The one-year period of limitation for defendant's § 2255 petition thus began to run 90 days from May 16, 2019, which was August 14, 2019.  Accordingly, if Stiso chooses to file a § 2255 petition, he must do so no later than August 14, 2020.

**Dated: July 1, 2020**

                                               */s/ William J. Martini*
                                             **WILLIAM J. MARTINI, U.S.D.J.**