UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES,**<br><br>v.<br><br>**PASQUALE STISO.** | No. 2:14-cr-484 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.**

This matter comes before the Court upon an application by *pro se* Defendant Pasquale Stiso ("Defendant") for early termination of supervised release pursuant to 18 U.S.C. § 3583(e)(1). ECF No. 221. The Government opposes the application. ECF No. 222. Having carefully considered the parties' submissions, the Court decides the motion without oral argument pursuant to Local Criminal Rule 1.1 and Local Civil Rule 78.1(b). For the reasons stated below, Defendant's motion is **DENIED**.

**I.   BACKGROUND**

On November 24, 2015, following a six-day trial, a federal jury found Defendant guilty on all ten charges set forth in the Superseding Indictment, including one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349, six counts of wire fraud in violation of 18 U.S.C. § 1343, and three counts of money laundering in violation of 18 U.S.C. § 1957. ECF No. 122. This Court sentenced Defendant to forty-three (43) months of imprisonment, followed by three (3) years of supervised release, and imposed several special conditions including, but not limited to, prohibiting Defendant from incurring new debts and engaging in gambling activity, and restricting his participation in certain occupational activities. ECF No. 131. Defendant subsequently appealed his conviction and sentence to the United States Court of Appeals for the Third Circuit, which affirmed his conviction, but remanded the matter for resentencing. *See United States v. Stiso*, 708 Fed. App'x 749, 762-63 (3d Cir. 2017). This Court resentenced Defendant to forty-one (41) months of imprisonment, followed by three (3) years of supervised release, and imposed the same conditions and restrictions as before. ECF No. 192. Defendant again appealed his sentence on the grounds it was procedurally and substantively unreasonable, but the Third Circuit rejected these arguments and affirmed the amended judgment of conviction. *See United States v. Stiso*, 771 Fed. App'x 512 (3d Cir. 2019).

Defendant completed his term of imprisonment on or about August 16, 2019, upon which the the Bureau of Prisons ("BOP") released him and he began serving his three (3) year term of supervised release. Defendant maintains that while on supervised release, he

has been gainfully employed, makes timely restitution payments, and completed weekly therapy sessions. ECF No. 221. He represents that in March of 2020, he became eligible for "low-intensity supervision." *Id.* at 2. Defendant also points to certain family circumstances as reasons for early termination of supervised release. *Id.* at 3. In October of 2021, Defendant relocated from New York to Connecticut to become the primary caretaker for his elderly mother, who suffers from dementia and Alzheimer's disease. *Id.* He is also awaiting the birth of his grandchild and hopes to be able to travel with his family once the baby is born. *Id.* at 5.

On February 23, 2021, halfway through his supervised release term and with eighteen (18) months remaining, Defendant filed the present application for early termination of supervision based on his personal circumstances, efforts at rehabilitation, and compliance with the terms of his release. ECF No. 221. The Government opposes the motion, arguing that neither Defendant's circumstances nor the interests of justice warrant early termination of supervision. ECF No. 222.

## II. ANALYSIS

District Courts enjoy broad discretion in deciding whether to grant early termination of supervised release. *See United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020). Under 18 U.S.C. § 3583(e), a District Court may terminate a term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." In determining whether the defendant's conduct and the interest of justice warrant the relief sought, a District Court must consider the following sentencing factors:

> (1) the nature and circumstances of the offense and the defendant's history and characteristics;
>
> (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentence and sentencing range established for the defendant's crimes;
>
> (4) pertinent policy statements issued by the United States Sentencing Commission;
>
> (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(6) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1), (2)(B)-(D), (4)-(7).

District Courts need not "make specific findings of fact with respect to each of the factors," nor must they find that extraordinary or changed circumstances exist in order to grant a defendant's request for early termination of supervised release. *Melvin*, 978 F.3d 49 at 52-53. Because § 3553(a) requires that sentences be "sufficient, but not greater than necessary when first pronounced," however, early termination of supervised release will generally "be proper only when the sentencing judge is satisfied that new or unforeseen circumstances warrant it." *Id.* at 53 (internal citations and quotation marks omitted); *see also United States v. Szymanski*, No. 12-0247, 2020 WL 6515958, at *2 (W.D. Pa. Nov. 5, 2020) ("The court explained in *Melvin* that, although not required, some changed circumstances will generally be important to warrant early termination of supervised release[.]"). "[M]ere compliance with the terms of . . . supervised release is what is expected . . . , and without more, is insufficient to justify early termination." *United States v. Caruso*, 241 F. Supp. 2d 466, 469 (D.N.J. 2003).

The Court has considered the § 3553(a) factors and finds that early termination of supervised release is neither warranted nor in the interest of justice here. First, the Court remains satisfied that upon resentencing, the imposition of Defendant's sentence was appropriate "in that it was sufficient but not greater than necessary to achieve the sentencing goals outlined in § 3553(a)." *United States v. Ferriero*, No. 13-0592 (ES), 2020 WL 6701469, at *3 (D.N.J. Nov. 13, 2020). Indeed, when the Third Circuit denied Defendant's appeal and affirmed the sentence, it found that the Court adequately analyzed the § 3553(a) factors and specifically considered factors like "the emotional and financial effect of [Defendant's] fraud on his victims, how he exploited his relationships with his victims for financial gain, his relationship with his family, gambling debts as a possible motivation for his crimes, and his prior problems with the law that should have deterred further illegal conduct." *Stiso*, 771 Fed. App'x at 514-15. These considerations continue to weigh against the early termination of Defendant's supervision.

Second, Defendant's efforts to reestablish himself, maintain a steady job, care and provide for his family, and make restitution payments are all commendable, but compliance with the conditions of his supervision, including paying restitution and refraining from engaging in criminal conduct is precisely what is expected of him. As the Government notes in its opposition paper, Defendant has not argued that the conditions of his supervision in any way detract from or interfere with his ability to tend to his family responsibilities. ECF No. 222. Instead, the Court finds that serving the remainder of his supervised release term is necessary to ensure Defendant continues to make payments toward the nearly $400,000 restitution balance outstanding, as well as to deter him from engaging in any future illegal activity given his particular criminal history.

Accordingly, in light of the Court's consideration of the § 3553(a) factors, and Defendant having provided no reason justifying early termination of supervised release other than compliance with the conditions of his supervision, the Court declines to exercise its discretion to terminate Defendant's supervised release.

### III.  CONCLUSION

For the reasons stated above, Defendant's motion, ECF No. 221, is **DENIED**. An appropriate Order shall follow.

_____<br>WILLIAM J. MARTINI, U.S.D.J.

**Date: April 6, 2021**